# JONES DAY

90 SOUTH SEVENTH STREET  •  SUITE 4950  •  MINNEAPOLIS, MINNESOTA  55402

TELEPHONE: +1.612.217.8800  •  JONESDAY.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____2/6/2026____

VIA ECF

February 5, 2026

Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Ste. 1610
New York, NY 10007

Request **GRANTED.**

**SO ORDERED.**

____2/6/2026____
DATE

VICTOR MARRERO, U.S.D.J.

> Re:  *Dillard's Inc., et al. v. Wells Fargo Bank, N.A.* (Case No. 1:25-cv-04330-VM)
> Wells Fargo's Motion Seeking Leave to File Under Seal

Dear Judge Marrero:

Pursuant to Section II.H of Your Honor's Individual Practices, Wells Fargo Bank, N.A. ("Wells Fargo") submits this letter motion respectfully seeking leave to file under seal, with a redacted version publicly available, Exhibit 1 to its Letter Motion to Stay Discovery.  The Court has previously granted motions to seal similar information accompanying Wells Fargo's Motion to Dismiss, Plaintiffs' response, and Wells Fargo's Reply.  ECF Nos. 35, 45, 49.

Wells Fargo seeks to seal Exhibit 1—Plaintiffs' First Set of Requests for the Production of Documents (the "RFPs")—because it discusses, in detail, confidential commercial and proprietary information of both Wells Fargo and Dillard's, the public disclosure of which would cause serious competitive harm to both parties.

While the Second Circuit recognizes a qualified right of access to judicial documents and a presumption in favor of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), it also considers the weight of that presumption and how it balances against competing considerations, such as "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  "The demonstration of a valid need to protect the confidentiality of proprietary business information" has been considered a "legitimate basis to rebut the public's presumption of access to judicial documents." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).  Courts have allowed the sealing of information regarding contracts that involved "confidential and proprietary business information . . . that, if accessed by [a party's] competitors, would allow the competitors to gain an improper and unfair competitive advantage." *Northwell Health, Inc. v. Blue Cross & Blue Shield of Mass.*, *Inc.*, No. 2:23-CV-00977, 2024 WL 3443467, at *2 (E.D.N.Y. July 17, 2024).  And Courts regularly seal documents that "might harm a litigant's competitive standing." *Oliver Wyman, Inc. v. Eielson,* 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quotation omitted).

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Victor Marrero
February 5, 2026
Page 2

Wells Fargo seeks to redact confidential commercial and proprietary information in its Agreement with Dillard's to prevent serious competitive harm from its disclosure. This information has been treated by Wells Fargo and Dillard's as confidential since the inception of the Agreement. The contract itself contains a clause designating the terms and conditions of the contract as confidential, requiring parties and affiliates, representatives, and service providers to maintain the confidentiality of the Agreement. Indeed, Plaintiffs filed their Complaint and the Agreement under seal, and then filed a public version of the Complaint that redacted specific terms of the Agreement. Similarly, Wells Fargo filed a redacted version of its Motion to Dismiss the Complaint and accompanying exhibits.

The information that Wells Fargo seeks to seal or redact is confidential because it reflects specific, bargained-for terms of a non-public agreement. If Wells Fargo's competitors were privy to the terms of those commercially sensitive agreements, Wells Fargo would face competitive harm in attempting to maintain its current business and negotiate future business opportunities. This includes references to criteria that Wells Fargo considers in making its decisions to extend credit, as well as information regarding how the program operated and how it was funded. It also includes formulas to calculate how much money Wells Fargo paid to Dillard's under the Agreement. The public disclosure of these terms would cause competitive harm to both Wells Fargo and Dillard's.

The parties have conferred regarding Wells Fargo's request to file a redacted version of Exhibit 1. Dillard's takes no position and reserves its rights regarding this request. Pursuant to Section II.H of Your Honor's Individual Practices, all Parties should be granted access to the sealed version of the filing.

Wells Fargo respectfully requests that the Court enter an order allowing Wells Fargo to file under seal, with a redacted version publicly available, Exhibit 1.

Respectfully,

/s/ W. Anders Folk
W. Anders Folk
*Counsel for Defendant*
*Wells Fargo Bank, N.A.*

cc:     All counsel of record (via ECF)