# JONES DAY

90 SOUTH SEVENTH STREET • SUITE 4950 • MINNEAPOLIS, MINNESOTA 55402

TELEPHONE: +1.612.217.8800 • JONESDAY.COM

April 10, 2026

CM/ECF

Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Ste. 1610
New York, NY 10007

Re:   *Dillard's Inc., et al. v. Wells Fargo Bank, N.A.* (Case No. 1:25-cv-04330-VM)

Dear Judge Marrero:

Pursuant to Section II(H) of Your Honor's Individual Practices, Wells Fargo Bank, N.A. ("Wells Fargo") submits this letter motion respectfully seeking leave to file under seal, with a redacted version publicly available, its Answer to the Complaint ("Answer"). The Court has previously granted motions to seal similar information in the Complaint and the parties' briefing on Wells Fargo's Motion to Dismiss. ECF Nos. 1, 35, 45, 49.

Wells Fargo seeks to redact responses in the Answer because they would reveal the substance of allegations that Plaintiffs' redacted in their Complaint. These allegations discuss confidential commercial and proprietary information of both Wells Fargo and Plaintiffs, the public disclosure of which would cause serious competitive harm to both parties.

While the Second Circuit recognizes a qualified right of access to judicial documents and a presumption in favor of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), it also considers the weight of that presumption and how it balances against competing considerations, such as "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). "The demonstration of a valid need to protect the confidentiality of proprietary business information" has been considered a "legitimate basis to rebut the public's presumption of access to judicial documents." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Courts have allowed the sealing of information regarding contracts that involved "confidential and proprietary business information . . . that, if accessed by [a party's] competitors, would allow the competitors to gain an improper and unfair competitive advantage." *Northwell Health, Inc. v. Blue Cross & Blue Shield of Mass., Inc.*, No. 2:23-CV-00977, 2024 WL 3443467, at *2 (E.D.N.Y. July 17, 2024). And courts regularly seal documents that "might harm a litigant's competitive standing." *Oliver Wyman, Inc. v. Eielson,* 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quotation omitted).

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/13/2026

Request **GRANTED.**

**SO ORDERED.**

4/13/2026
DATE            VICTOR MARRERO, U.S.D.J.

JONES DAY

Hon. Victor Marrero
April 10, 2026
Page 2

Wells Fargo seeks to redact confidential commercial and proprietary information about the contract between Plaintiffs and Wells Fargo to prevent serious competitive harm that would result from its disclosure. This information has been treated by Wells Fargo and Dillard's as confidential since the inception of the contract. The contract itself contains a clause designating the terms and conditions of the contract as confidential, requiring parties and affiliates, representatives, and service providers to maintain the confidentiality of the Agreement. Indeed, Plaintiffs filed the contract under seal and filed redacted versions of their Complaint and Opposition to Wells Fargo's Motion to Dismiss. Similarly, Wells Fargo filed a redacted version of its Motion to Dismiss the Complaint and accompanying exhibits.

Here, Wells Fargo seeks to redact responses that would reveal the substance of allegations that Plaintiffs redacted in the Complaint. This information is sensitive business information, including references to criteria that Wells Fargo considers in making its decisions to extend credit, such as specific FICO criteria and approval rates, as well as information regarding how the program operated and how it was funded. The public disclosure of this information would cause competitive harm to both Wells Fargo and Dillard's.

The parties have conferred regarding Wells Fargo's request to file a redacted version of its Answer. Dillard's takes no position and reserves its rights regarding this request. Pursuant to Section II(H) of Your Honor's Individual Practices, all Parties should be granted access to the sealed version of the filing.

Wells Fargo respectfully requests that the Court enter an order allowing Wells Fargo to file under seal, with a redacted version publicly available, its Answer.

Respectfully submitted,

*/s/ W. Anders Folk*

W. Anders Folk

cc:    All counsel of record (via CM/ECF)