**BSF** | BOIES
SCHILLER
FLEXNER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/20/2026___

April 17, 2026

**VIA ECF**
Hon. Victor Marrero
United States District Court
   for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Request **GRANTED**.

**SO ORDERED.**

___4/20/2026___
DATE                              VICTOR MARRERO, U.S.D.J.

   **Re:**  ***Dillard's, Inc., et al. v. Wells Fargo Bank, N.A.*, No. 25 Civ. 04330 (VM)**

Your Honor:

   We are counsel for Plaintiffs Dillard's, Inc. and Dillard Investment Co., Inc. (together, "Dillard's"). In accordance with Section II.H of Your Honor's Individual Practices, we write to respectfully seek leave to file the parties' Joint Status Letter under seal, with a partially redacted version filed publicly. Dillard's seeks to file the Joint Status Letter under seal because the descriptions of the case contained therein include references to an agreement whose terms are governed by a confidentiality provision. The Court has previously granted motions to seal similar filings in this matter, including Dillard's' Complaint (Doc. 1), Wells Fargo's Answer (Doc. 67), and the parties' briefing on Wells Fargo's Motion to Dismiss (Docs. 35, 45, 49).

   Documents may be filed under seal where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotations omitted). Courts in this District regularly allow documents to be sealed or redacted to protect confidential business information. *See, e.g. Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F.Supp.3d 485, 511 (S.D.N.Y. 2015) (finding proposed redactions proper where limited to "confidential business information" that "implicates legitimate privacy interests"); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at \*3 (S.D.N.Y. June 17, 2020) (recognizing "a valid need to protect the confidentiality of proprietary business information" as "a legitimate basis to rebut the public's presumption of access to judicial documents").

   In 2014, Dillard's and Wells Fargo entered into an agreement (the "Agreement") to jointly administer a co-branded credit card. The parties' descriptions of the case in the Joint Status Letter reference the text and substance of several provisions of the Agreement. However, the Agreement contains a provision requiring that its terms be kept confidential. Out of an abundance of caution, and in the absence of a party agreement or court order authorizing non-confidential treatment, Dillard's seeks leave to redact portions of the Joint Status Letter that quote and reference the Agreement or describe the parties' obligations thereunder. In accordance with Section II.H of Your Honor's Individual Practices, both parties should be granted access to the sealed version of the Joint Status Letter.

55 Hudson Yards, New York, NY 10001 | (t) 212.446.2300 | (f) 212.446.2350 | www.bsfllp.com



For the foregoing reasons, Dillard's respectfully requests that the Court grant leave to file a redacted version of the Joint Status Letter on the public docket and an unredacted version under seal.

Respectfully submitted,

*/s/ Marc Ayala*
Marc Ayala
55 Hudson Yards
New York, NY  10001
Tel.: (212) 446-2300
mayala@bsfllp.com

*Counsel for Plaintiffs Dillard's, Inc. and Dillard Investment Co., Inc.*

cc:    All counsel of record (via ECF)