JONES DAY

DIRECT NUMBER: +1.612.217.8866
PSCHWINGLER@JONESDAY.COM

90 SOUTH SEVENTH STREET • SUITE 4950 • MINNEAPOLIS, MINNESOTA 55402

TELEPHONE: +1.612.217.8800 • JONESDAY.COM

The Court is in receipt of the letter at Dkt. No. 90 filed by Defendant Wells Fargo Bank, N.A. ("Defendant") requesting to seal and file in redacted form Exhibit F to the parties' joint letter (Dkt. No. 90-1 ("Exhibit F")) to protect "confidential commercial and proprietary information of Wells Fargo, the public disclosure of which would cause serious competitive harm" (the "Confidential Information"). (Dkt. No. 90 (the "Sealing Request")). Given that the Confidential Information is "highly sensitive because it reflects internal meetings discussing credit and marketing strategy, changes to underwriting policies, and projected financial impacts[,]" (Dkt. No. 90 at 2), and "documents containing proprietary information and sensitive business information are routinely sealed in this [D]istrict[,]" Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc., No. 18 Civ. 11386 (VSB) (KHP), 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026), the Sealing Request is **GRANTED**.

Exhibit F shall remain under seal at Dkt. No. 87-6. Defendant has already filed a publicly-viewable version of Exhibit F at Dkt. No. 90-1 with the Confidential Information redacted. By **September 30, 2026 at 5:00 p.m. ET**, Defendant's counsel shall email a courtesy copy of the unredacted version of Exhibit F to Chambers at cave_nysdchambers@nysd.uscourts.gov.

The Clerk of Court is respectfully directed to close Dkt. No. 90.

SO ORDERED. September 29, 2026

SARAH L. CAVE
United States Magistrate Judge

September 28, 2026

VIA ECF

Hon. Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Dillard's Inc., et al. v. Wells Fargo Bank, N.A.* (Case No. 1:25-cv-04330-VM-SLC)

Dear Judge Cave:

Pursuant to Section I.F.2 of Your Honor's Individual Practices, Wells Fargo Bank, N.A. ("Wells Fargo") submits this letter motion respectfully requesting permission to keep Exhibit F to the Parties' Joint Letter Motion under seal, with a redacted version filed on the docket. *See* ECF No. 87-6.

Wells Fargo seeks to seal Exhibit F and provide a publicly-available, redacted version of the document because that document includes confidential commercial and proprietary information of Wells Fargo, the public disclosure of which would cause serious competitive harm.

The Second Circuit analyzes sealing of judicial documents by "determining the weight of the presumption of access" and then "balanc[ing] competing considerations against it." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation omitted). The weight of the presumption of access exists along a continuum. "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121. In a discovery motion such as this, the presumption of public access is lower. *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (reasoning that as one moves down the continuum "from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance" the weight of the presumption of access declines).

Against this presumption of public access, courts within the Second Circuit balance competing considerations, such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo*, 71 F.3d at 1050). "The demonstration of a valid need to protect the confidentiality of proprietary business information" has been considered a "legitimate basis to rebut the public's presumption of access to judicial documents." *Sec. & Exch. Comm'n v.*

*Telegram Grp. Inc*., No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Courts commonly seal "documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (quotation omitted). And courts regularly seal documents that "might harm a litigant's competitive standing." *Oliver Wyman, Inc. v. Eielson,* 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quotation omitted).

Wells Fargo seeks to redact confidential commercial and proprietary information in Exhibit F to prevent serious competitive harm from its disclosure. The information that Wells Fargo seeks to redact is highly sensitive because it reflects internal meetings discussing credit and marketing strategy, changes to underwriting policies, and projected financial impacts. *See GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

If Wells Fargo's competitors were privy to the terms of those commercially sensitive internal documents, Wells Fargo would face competitive harm in attempting to maintain its current business and negotiate future business opportunities. This includes references to criteria that Wells Fargo considers in making its decisions to extend credit, such as specific FICO criteria and approval rates, as well as information regarding number of accounts and financial impacts. And it includes discussion of strategy behind broad credit policies that govern not just the Dillard's Program but also other credit cards and non-credit card business lines. Competing banks and credit cards "could utilize this information to better compete" with Wells Fargo. *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022).

The parties have conferred regarding Wells Fargo's request to file a redacted version of its Exhibit F. Dillard's does not agree that Exhibit F contains any material that meets the standard for sealing. Wells Fargo respectfully requests that the Court enter an order allowing Wells Fargo to maintain Exhibit F under seal, with a redacted version publicly available.

Respectfully submitted,

*/s/ Peter J. Schwingler*
Peter J. Schwingler

cc: All counsel of record (via CM/ECF)